*J. Guthrie*, for the state.

*J. R. Flynn*, for the appellee.

---

THE STATE *v.* LINDLEY.

Keeping a gaming house may be a continuous act; and all the time which a house is thus kept prior to the prosecution, constitutes but one indivisible offense, punishable by a single prosecution.

But an information will not be quashed for the reason that the defendant had been previously tried upon an information charging the keeping of the same house for the same period of time.

The Court, in such case, should proceed with the trial, until the evidence determines whether there was but one offense or two.

APPEAL from the *Martin* Court of Common Pleas.

PERKINS, J.—Prosecution for keeping a gaming house. The charge in the affidavit and information was that "on the 27th of *July*, 1848, and on divers other days and times before said day, *Jacob B. Lindley* did unlawfully erect, continue, and maintain a common gaming house, at," &c.

The defendant was arraigned, pleaded not guilty, and a jury was impanneled to try the issue.

At this point, the defendant moved to quash the information, and alleged the following facts, as the ground of

his motion, viz., that the defendant had already been tried on an information filed on the same day as that pending, for keeping and maintaining the same house as a gaming house, on and from the 28th day of *July*, 1858, to the 27th day of *November*, 1858, which fact the district prosecuting attorney admitted to be true.

The Court sustained the motion to quash.

Keeping a gaming house may be a continuous act, and all the time during which a given house is continuously thus kept prior and up to the prosecution for the keeping, constitutes one ·indivisible offense, which can be punished· but in a single prosecution. Like a civil cause of action, it cannot be split up in the prosecution of it. But one penalty can be assessed. See 1 Chit. Cr. Law, 218; and ·1 Wat. Archb., pp. 84, 111.

Were it certain, therefore, in this case, that the keeping of the gaming house, as charged in the two informations, constituted but one continuous keeping, the first trial would have barred the second; and though a motion to quash would have been an irregular mode of taking advantage of the bar, as, properly, it should have been given in evidence on a trial; still, if a correct result had been reached, though by an unprofessional mode, the judgment would not be reversed.

But is it certain that the periods covered by the two informations constitute one continuous period? On the face of the informations, they appear to. But, it must be recollected that in prosecutions for criminal offenses of this character, time laid in the information is not material, and need not be proved as laid. Ind. Dig. 364.—Chit. and Archb., *supra*.

Suppose the facts should turn out to be, that the defendant kept the house named as a gaming house, during the month of *May*, 1858, and then sold it, surrendering the possession to the buyer, who did not keep it for gaming. The keeping it thus, by the defendant, for the month of *May*, would constitute one offense.

Suppose, again, that on the 27th of *July* he purchased or received back the house from the person to whom he

had sold it, and recommenced the use of it as a gaming house. Here he would be guilty of another, a separate offense, for which another, a separate information would lie. For aught that appears in the record, such may have been the facts on which the two informations were based.

Hence, the Court should not have quashed the information, but proceeded with the trial, letting the evidence determine the question whether there was but one, or whether there were two offenses to be punished.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. E. McDonald,* Attorney General, and *A. L. Roache,* for the state.