# Friedeborn *versus* Commonwealth.

1. There can be but one violation by the same person on the same day of the Act of April 22d, 1794, commonly called the " Sunday Act," and consequently there can be but one fine imposed for that violation.

2. The Supreme Court will reverse a judgment as to all fines imposed against a defendant except one, where several fines have been imposed for several acts done by him on the same Sunday.

April 20th, 1886.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Montgomery county :* Of January Term 1886, No. 101.

Andrew Friedeborn, a citizen of the borough of Norristown, keeps and has kept for many years a small news stand on Mill street, opposite the Philadelphia and Reading Railroad station. He sells in addition to newspapers and periodicals, cakes, candies, spruce beer, cigars and tobacco.

On Sunday, the 5th day of October, 1884, he sold to Henry Huldeman two cigars and a plug of tobacco, to two unknown men each a glass of cider, to J. R. Tyson a glass of spruce beer and some candy, and to C. McGlathery two cigars and two glasses of cider.

On the 7th of October, 1884, he was arrested and brought before John J. Derr, a justice of the peace, and by him summarily adjudged guilty of and convicted of violating the Sunday law of 1794, as follows :

Be it remembered, that on the 9th day of October, A. D. 1884, Andrew Friedeborn, tobacconist, is convicted before me, one of the justices of the peace in and for Montgomery County, Pennsylvania, of having contrary to the Act of the General Assembly passed April 22d, A. D. 1794, entitled " An Act for the prevention of vice and immorality, etc.," done and performed six acts of worldly employment or business on the Lord's day, commonly called Sunday, by making six distinct sales of merchandise, as set forth hereafter, each sale being a distinct offence under said Act, at his place of business in Norristown, said county, on Sunday, October 5th, A. D. 1884, neither of said sales being a work of charity or necessity.

[Friedeborn v. Commonwealth.]

And I do adjudge the said Andrew Friedeborn to forfeit for every such offence the sum of $4 with costs, to wit: For selling to Henry Huldeman two cigars on said Sunday, $4; for selling to same person on said Sunday plug of tobacco (another and distinct transaction), $4; for selling cider on said Sunday to two unknown young men as testified by Henry Huldeman, $4; for selling to J. R. Tyson beer and candy on said Sunday, $4; for selling to C. McGlathery on said Sunday two cigars, $4; for selling to said C. McGlathery on said Sunday two glasses of cider (another and distinct transaction), $4. Total, $24.

And in default of immediate payment of the same, or of the production of goods and chattels whereon to levy the same, then the said Andrew Friedeborn to be committed to the Montgomery County prison for the period of six days for every of said offences, being thirty-six days in all, there to be fed, kept, and in all respects treated as in said Act provided.

The defendant took a writ of *certiorari* to the Court of Common Pleas of Montgomery County, and filed, *inter alia*, the following exceptions:

1. The proceedings before the justice were irregular and illegal in this, that several offences were charged in a single complaint.

2. The proceedings before the justice were irregular and illegal in this, that judgment for a greater sum than the penalty for violating the Sunday law when the conduct of the defendant complained of was confined to one Sunday.

3. The proceedings of the justice were irregular and illegal because judgment was entered for more than one offence committed on the same Sunday.

The court (BOYER, P. J.), affirmed the judgment of the justice, whereupon the defendant took this writ, assigning for error the said affirmance of the judgment of the justice of the peace.

*I. P. Wagner* (*J. Wright Apple* with him), for plaintiff in error.—But one penalty can be imposed upon a person for exercising his business on one Sunday: Commonwealth *v.* Jeandell, 2 Grant, 506; Crepps *v.* Durden, 2 Cowper, 640.

The court fell into error by following Duncan *v.* Commonwealth, 2 Pearson, 213.

*Isaac Chism,* for defendant in error.—If but one penalty is imposed the Act does not prevent; it licenses the violation of the Sabbath.

Penal statutes must not be construed so strictly as to defeat

the obvious intention of the legislature : United States *v.* Wiltberger, 5 Wheat., 76 ; The Emily and Caroline, 9 Id., 338.

Such construction·ought to be given as will not suffer the statute to be eluded : Moore *v.* Hussey, Hobart, 91 ; People of New York *v.* Utica Ins. Co., 15 Johnson (N. Y.), 357 ; The American Fur Company *v.* United States, 2 Peters, 358 ; Opinion of the Judges, 22 Pick., 571 ; Com. *v.* Loring, 8 Id., 370 ; Reed *v.* Davis, Id., 514 ; United States *v.* Wiltberger, 5 Wheat., 76 ; Rawson *v.* State, 19 Conn., 299.

The only cases cited by the plaintiff in error are Crepps *v.* Durden, Cowper, 640, and Commonwealth *v.* Jeandell, 2 Grant, 506.    They are not pertinent authorities.

The Act 29 Car. 2, was passed in 1678.    The first Pennsylvania Act was the Act of 1705.    It is in phraseology as to the point in question almost a copy of 29 Car. 2.    Crepps *v.* Durden was decided in King's Bench, Trinity Term, 17 Geo. III. that is to say, in the year 1777.    The Pennsylvania legislature nine years thereafter, in passing the Act of 1786, which is the same in phraseology as to the point in question as the Act of 1794, purposely changed the wording of the Act of 1705, in order that the decision in Crepps *v.* Durden would not be applicable to our statute.

Mr. Justice GORDON delivered the opinion of the court, October 4th, 1886.

There are but few of our statutes, which, in principle, are of more importance than the Act of the 22d of April, 1794, commonly called the " Sunday Act," in that it recognizes the first day of the week as a Sabbath of rest for the well disposed · and religious people of our Commonwealth, and we can entertain but little respect for those who wilfully and persistently violate its prescriptions.    Against all such its penalty should be enforced until they are taught that a respect for its provisions may, at least, be profitable from a pecuniary point of view.    The fine imposed is but light ; far too light, indeed, to prevent the violation of the statute by our great corporations and heavy capitalists, who regard their own profit rather than the public welfare ; but the correction of this defect in the law is not within our province ; we can but interpret the Act as we find it.    In the case in hand it appears, from the record before us, that the plaintiff in error, Andrew Friedeborn, was, on the 7th of October, 1884, arrested and brought before John A. Derr, a justice of the peace for the county of Montgomery, and convicted of six several violations of the Sunday law on one and the same day, so that the fines altogether amounted to $24.    The charge was of selling to six different persons small quantities of cigars, tobacco, cider, spruce beer and

candy, and in each case the fine of $4 was imposed. On *certiorari* to the Common Pleas these convictions were affirmed.

In this we think there was error. The Act of 1794 imposes but one penalty; a fine of $4 for the violation of the Sabbath day, and as in law, unless otherwise provided by the legislature, there are no fractions of a day, it is clear that by the same person there can be but one such violation, and consequently but one fine. Moreover, the offence consists in "performing any worldly employment or business whatsoever on the Lord's day, commonly called Sunday," so that there is no proscription of any one or more distinct act or acts, but of "any employment or business," whether the act or acts which constitute such employment are one or many. Friedeborn's business was that of a vender of tobacco, cigars, &c., and he was not less a vender though on Sunday, the 5th of October, he sold but one cigar, nor would he have been more so had he on that day sold all the goods of which he was possessed. In either case he was engaged in his worldly employment, and that employment could not be changed, or its character altered, by the number of articles sold or the time required for its performance. Nor is the construction which we thus put upon our statute a new one, for we have a ruling on the British statute, which, so far as the offence charged in the present case is concerned, is precisely similar to our own. The case to which we refer is that of Crepps *v.* Durden, 2 Cowp., 640. The action was trespass brought against a justice of the peace for issuing four warrants for the collection of four several fines imposed on the plaintiff on conviction under the statute of 29 Car. 2, ch. 7, for selling small hot loaves of bread on the Lord's day, commonly called Sunday. These four several acts of selling the loaves or rolls were done on the same Sunday, and it was contended that under the Act there could be but one conviction; in other words that the four sales constituted but one offence, and so it was held in the King's Bench. Lord MANSFIELD, delivering the opinion of the court, said: "The first question is, whether any objection can be made to the legality of the convictions before they were quashed? In order to see whether it can, we will state the objection; it is this: that here are three convictions of a baker for exercising his trade on one and the same day, he having been before convicted for exercising his ordinary calling on that identical day. If the Act of Parliament gives authority to levy but one penalty, there is an end of the question, for there is no penalty at common law. On the construction of the Act of Parliament the offence is, 'exercising his ordinary trade on the Lord's day;' and without any fractions of a day, hours or minutes. It is but one entire offence whether longer or shorter in point

[Friedeborn *v.* Commonwealth.]

of duration; so whether it consist of one or many particular acts. The penalty incurred by this offence is five shillings. . . . . . There can be but one entire offence on one and the same day." It will be seen that the case in hand and that cited are so nearly alike that were it a decision of this court it must be regarded as a final determination of the contention; as it is, we regard the reasoning as so conclusive that we do not hesitate to adopt it.

The learned judge of the Court below seems to have fallen into the error found in the case of Duncan *v.* The Commonwealth (Common Pleas of Dauphin County), 2 Pear., 213, that is to say, that the Act of 1794 and that of 29 Car. 2, are in language essentially different. This is a mistake; at least so far as a case like that in hand is concerned, as will readily be discovered by a comparison of the two Acts. The first reads: "No tradesman, artificer or any other person whatsoever shall do or exercise any worldly labor, business, or work of their ordinary calling upon the Lord's day." The other: "If any person shall do or perform any worldly business whatsoever on the Lord's day, commonly called Sunday." Now, as the plaintiff in error was in fact convicted of exercising worldly business in his ordinary calling, on the Lord's day, it is clear that the offence would fall as well within the Act of 29 Car. 2, as within that of 1794. It is true, the latter Act embraces much more than the former, for whilst the one prohibits only such work or labor as is done "in the work of their ordinary calling," the other includes "any worldly employment or business whatsoever," and this is the material difference between the two statutes, if we except the prohibitions of amusements and games: Kepner *v.* Keefer, 6 Watts, 231; Johnson *v.* The Commonwealth, 10 Harris, 102. The mistake made in the Court below was in holding that the Act of 1794 made every act done in any worldly employment or business a distinct and separate offence; but it does nothing of the kind, for the offence, as we have shown, and is apparent from the face of the statute, consists in the exercise of an employment or business, and either may include one or one thousand separate acts. So, in the case cited (2 Pear.), it has of necessity to be admitted that a mechanic in his shop, or a farmer on his farm, may work all of a Sunday, and yet be guilty of but a single breach of the statute. The farmer may plough, reap, or sow, the mechanic hammer, plane, or saw, through the entire day, and he is guilty of but one infraction of the law, but the merchant, though like them engaged in a single trade or calling, may be guilty of several such infractions, not because he sells several things to one person, but because he sells those several things to several persons. We

cannot adopt an interpretation of this kind, not because the law, were it as stated, would not be just and wholesome, but because such an interpretation is not admissible as the law now stands.

> The judgment of the Court is now reversed as to all the fines against the plaintiff in error except the first single fine of $4.