Filed June 25, 1889.

119⁻ 50I
120   67
119  50I
147  638

No. 14,954.

## FREEMAN v. THE STATE.

CRIMINAL LAW.—*House of Ill-Fame.—Continuous Offence.—Former Conviction.*—The offence of keeping a house of ill-fame, as defined by section 1994, R. S. 1881, is a continuing one, and one conviction is a bar to all other prosecutions for the continuous keeping of the same house prior to the returning of the indictment upon which the conviction was had.

From the Knox Circuit Court.

*J. B. Boyle,* for appellant.

*L. T. Michener,* Attorney General, and *O. H. Cobb,* Prosecuting Attorney, for the State.

OLDS, J.—At the March term, 1889, of the Knox Circuit Court, the grand jury returned two indictments against the defendant for keeping a house of ill-fame, resorted to for the purpose of prostitution and lewdness, at said county of Knox and State of Indiana. The indictments were returned on the same day and at the same time, one charging the offence on the 9th day of January, 1889, and the other charging it on the 11th day of February, 1889. The defendant was arraigned and pleaded guilty to the indictment charging the offence on the 11th day of February, 1889, and the court assessed a fine against her of twenty dollars, and

rendered judgment for the fine and costs. Afterwards she was arraigned on the indictment in this case charging the offence on the 9th day of January, 1889, and she pleaded not guilty, and filed a written answer setting up the former conviction, to which a demurrer was filed by the State, and sustained and exceptions. Trial, resulting in a conviction. Motion for a new trial overruled and exceptions. The rulings of the court in sustaining the demurrer to the defendant's answer, and overruling her motion for new trial, are assigned as errors. All the facts were admitted on the trial, showing the indictments were for the continuous keeping of one and the same house.

The only question presented is as to whether the offence is a continuing one, and whether the one conviction barred the other.

Section 1994, R. S. 1881, provides: " Whoever keeps a house of ill-fame, resorted to for the purpose of prostitution or lewdness," etc., shall be fined, etc.

The offence is a continuing one. The time named in the indictment was not material. The one conviction was a bar to the other.

The State v. Lindley, 14 Ind. 430, was a prosecution for keeping a gaming house, and it was held that all the time during which it was continuously kept prior and up to the prosecution for the keeping, constituted one indivisible offence, which could be punished but in a single prosecution. And so in this case, the one conviction was a bar to all others for the one continuous keeping of the house prior and up to the returning of the indictment upon which such conviction was had. The doctrine held in the case of State v. Lindley, supra, is decisive of the question in this case, and we think it the correct principle. The offence charged is a continuing one. A conviction might have been obtained under either of the indictments by proof of the keeping of the house at any time prior to the finding and returning of the indictment, and not beyond the time fixed by the statute

of limitations. The crime charged is the continuous keeping of the same house; the same proof was admissible under the one indictment as the other.

Bishop on Criminal Law, vol. 1, section 1052, in the discussion of the rules to determine when the two offences are the same, says: " The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second can not be maintained; when there could not, it can be." When tested by this rule the two offences charged against the defendant are the same.

The court erred in sustaining the demurrer to the defendant's answer of former conviction, and in overruling her motion for a new trial. ·

Judgment reversed, with instructions to the court below to overrule the demurrer to the defendant's answer.

Filed June 25, 1889.