## Commonwealth v. Atanoff.

*Robert F. Fox*, District Attorney, and *Carl B. Shelley*, for plaintiff.

*Thomas D. Caldwell*, for defendant.

HARGEST, P. J., Feb. 4, 1929.—This defendant is charged before William H. Charters, an alderman, in the City of Harrisburg, with the violation of section 1 of the Act of April 22, 1794, 3 Sm. Laws, 177. He was found guilty by the alderman and has appealed to this court. The facts have been agreed upon. The defendant is a barber, residing in the City of Harrisburg. On Sunday, Aug. 26, 1928, he had his place open for business and performed the usual business done in a barber shop that day for which he was paid the usual rates charged for such work.

The statute provides, in part: "If any person shall do or perform any worldly employment or business whatsoever on the Lord's Day, commonly called Sunday, works of necessity and charity only excepted, . . . and be con-

victed thereof, every such person so offending shall, for every such offense, forfeit and pay $4."

The defendant contends that under our present manner of living the keeping of a barber shop open on Sunday is a necessity and, therefore, not in violation of the statute.

In Com. v. Waldman, 140 Pa. 89, decided in 1891, the Supreme Court held that the "keeping open by a barber of his place of business on Sunday and the following of his worldly employment of shaving his customers is not a necessity within the meaning of the provision in the Act of April 22, 1794." In that case, it was argued that because some persons found it difficult or impossible to get shaved except on Sunday, the conduct of the business on that day was a work of necessity, and Chief Justice Paxson said: "It is, perhaps, as much a necessity as washing the face, taking a bath or performing any other act of personal cleanliness. A man may shave himself or have his servant ·or valet shave him on the Lord's Day without a violation of the Act òf 1794. But the keeping open of his place of business on Sunday by a barber and the following his worldly employment of shaving his customers is quite another matter; and while we concede that it may be a great convenience to many persons, we are not prepared to say, as a question of law, that it is a work of necessity within the meaning of the Act of 1794."

The same conclusion has been arrived at in other states: State v. Frederick (1885), 45 Ark. 347; State v. Granaman (1896), 132 Mo. 326, 33 S. W. Repr. 784; McCain v. State (1907, Ga.), 58 S. E. Repr. 550; State v. Linsig (1916, Ia.), 159 N. W. Repr. 995; Gray v. Com. (1916, Ky.), 188 S. W. Repr. 354.

We agree, generally speaking, that some things may be necessities now which were not necessities when the Act of 1794 was passed, or, as stated by Judge Fuller, in Com. v. Minichello, 8 D. & C. 198, "modern conditions have transformed the luxuries of the past into necessities of the present." And we also agree that the Sunday law should be construed in the light of the age in which we live: Pirkey Bros. v. Com. (Va.), 114 S. E. Repr. 764. Many things not known in 1794, like the running of railroads (Com. v. Fields, 4 Pa. C. C. Reps. 434), the running of street cars (Com. v. Newcomet, 18 Pa. Superior Ct. 508), the selling of railroad tickets (Com v. Fuller, 44 Legal. Intell. 442, 18 Phila. 610, 4 Pa. C. C. Reps. 429), and the selling of ice (Com v. Linaugh, 13 Dist. R. 486, 30 Pa. C. C. Reps. 466), have been held to be necessities. "Necessity" is a term incapable of exact definition, but the cases to which we have referred show that the courts of this and other states have recently held that conducting a barber shop on Sunday is not a necessity within the meaning of the Sunday laws. Our courts have also held that there are few statutes which, in principle, are of more importance than this act (Frideborn v. Com., 113 Pa. 242), and that it is not to be frittered away by judicial · construction (Johnston v. Com., 22 Pa. 102), but is to be construed without regard to the propriety or wisdom of the legislation and solely with a view of ascertaining and enforcing the purposes set forth in it and sought to be accomplished by it: Com. v. Waldman, supra. For these reasons we cannot say that the business of a barber is a work of necessity, within the exception of the Act of 1794, which may be lawfully conducted on Sunday.

Now, Feb. 4, 1929, the conviction by William H. Charter, alderman, is sustained, the defendant is adjudged guilty, and a fine of $4 and. costs is hereby imposed upon the defendant.

From Homer L. Kreider, Harrisburg, Pa.