STATE OF CONNECTICUT *v.* RALPH LICARI.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 1—decided June 28, 1945.

*Edwin S. Pickett,* prosecuting attorney, and *Spencer S. Hoyt,* special assistant, for the state.

*Louis Godfried,* with whom were *Louis Evans* and, on the brief, *A. H. Markle* and *Albert E. Evans,* for the defendant.

MALTBIE, C. J.   The defendant was arrested on a bench warrant issued by the Court of Common Pleas upon an information containing seven counts, each charging a separate offense.   One of these was later nolled, and to three he was permitted to file a plea of nolo contendere and a fine was imposed on him on each. The remaining three counts charged him with operating an automobile upon certain highways in the town of Woodbridge while under the influence of liquor; with operating the automobile over those highways

recklessly, having regard to their width, the traffic upon them and their use, street intersections and weather conditions; and with obstructing, resisting and abusing certain police officers in Woodbridge. To these counts the defendant filed a plea in bar, in which he alleged that, starting in New Haven, he continuously operated his car through a part of it and a part of the adjoining town of Woodbridge, driving about five miles in the former and three in the latter; that he was arrested and arraigned in the New Haven City Court upon charges of operating a motor vehicle while under the influence of liquor, reckless driving and "vilifying" a police officer, and of committing two other offenses not now of moment; and that he pleaded guilty to the offenses specified above, fines were imposed upon him under the first and second charges and he received a suspended sentence under the third; and he claimed that because of the proceedings in the City Court his prosecution in the Court of Common Pleas upon the first three counts of the information filed there would constitute double jeopardy. The issue so raised was reserved for determination by this court. The essential question is: Did the conduct of the defendant give rise to single continuous offenses, so that, having been prosecuted upon the charges in the City Court, he could not be prosecuted for those in the information in the Court of Common Pleas on the basis of the allegation that they had been committed in Woodbridge?

The stipulation of facts adds few to those already stated. The defendant's car early in the morning knocked over a traffic stanchion at a street intersection in New Haven, and continued on. A police car containing two New Haven police officers gave chase, and both cars proceeded at a high speed. They traversed highways in New Haven for five miles and highways in Woodbridge for three miles, and the time

elapsed was not less than six or more than ten minutes. The defendant drove his car continuously and without interruption from the beginning to the end. After he crossed the line dividing New Haven from Wood-bridge, he turned off the lights on his car for a distance of less than three hundred feet. While in Woodbridge one of the officers in the pursuing car fired two shots into the ground, and the defendant stopped his car. He was arrested by the New Haven officers and taken to police headquarters in New Haven.

In *Blockburger* v. *United States,* 284 U. S. 299, 302, 52 Sup. Ct. 180, two statements from 1 Wharton, Criminal Law (11th Ed.), § 34, and the note thereto, are incorporated as follows: ". . . when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are sepa-rately given, even though all unite in swelling a com-mon stream of action, separate indictments lie . . . The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately . . . If the latter, there can be but one penalty." In *United States* v. *Midstate Co.,* 306 U. S. 161, 166, 59 Sup. Ct. 412, a definition given in the opinion of the Circuit Court of Appeals in the same case is approved: "A continuing offense is a continuous, unlawful act or se-ries of acts set on foot by a single impulse and oper-ated by an unintermittent force, however long a time it may occupy."

The first statement in the *Blockburger* opinion, and the definition in *United States* v. *Midstate Co.,* supra, often found in substance in other decisions, are ap-plicable to certain types of continuous offense. They do not, however, cover the whole field, and in a certain type of case the application of the test given in the second statement from the *Blockburger* opin-

ion determines the character of the offense. This is well illustrated by the case of *In re Snow*, 120 U. S. 274, 7 Sup. Ct. 556. That was a prosecution under a federal statute penalizing any male person who, in a territory of the United States or at any other place over which it had exclusive jurisdiction, "cohabits with more than one woman." Three indictments were found against the defendant, each charging him with cohabiting with certain women and each naming the same women, one alleging the offense to have been committed during the year 1883, another during the year 1884 and the third during the year 1885. He was first tried on the last indictment and found guilty. When subsequently he was put to trial on the other two, he pleaded his conviction under the last as a defense. The Supreme Court held that the defense was good, because the act of the Congress charged one continuous offense. The court said (p. 282) that its division into parts by years was "wholly arbitrary," and it continued: "On the same principle there might have been an indictment covering each of the thirty-five months, with imprisonment for seventeen years and a half and fines amounting to $10,500, or even an indictment covering every week, with imprisonment for seventy-four years and fines amounting to $44,400; and so on, *ad infinitum*, for smaller periods of time. It is to prevent such an application of penal laws, that the rule has obtained that a continuing offence of the character of the one in this case can be committed but once, for the purposes of indictment or prosecution, prior to the time the prosecution is instituted." See *People* v. *Cox*, 107 Mich. 435, 438, 65 N. W. 283. In the opinion in the *Snow* case (p. 284), the leading case of *Crepps* v. *Durden*, 2 Cowp. 640, 98 Eng. Rep. R. 1283, is referred to; there the defendant was charged under an act of Parliament penalizing one who did the

work of his ordinary calling on the Lord's day and was convicted four times for sales made to different persons on the same day. In holding that this could not properly be done, Lord Mansfield said (p. 646): "On the construction of the act of parliament, the offense is, 'exercising his ordinary trade upon the *Lord's day*; and *that*, without any fractions of a day, hours, or minutes. It is but *one* entire offence, whether longer or shorter in point of duration; so, whether it consist of one, or a number of particular acts. The penalty incurred by this offence is, *five shillings*. There is no idea conveyed by the act itself, that if a taylor sews on the *Lord's day*, every stitch he takes is a separate offence; or, if a shoemaker or carpenter work for different customers at different times on the same *Sunday*, that those are so many separate and distinct offences. There can be but one entire offence, on one and the same day." See *Friedeborn* v. *Commonwealth*, 113 Pa. 242, 6 Atl. 160.

The situation before us is not one where the defendant was charged in the City Court with the breach of a city ordinance, but all the offenses charged there and those in the Court of Common Pleas were for breach of state laws, and the fact that the defendant drove his car over the line dividing the towns of New Haven and Woodbridge does not in itself give rise to separate offenses in each town. *State* v. *Roberts*, 152 La. 283, 284, 93 So. 95; *State* v. *Shimman*, 122 Ohio St. 522, 525, 172 N. E. 367. The case before us does not present a situation where a defendant, having been convicted of an offense of a continuing nature, is later charged with a like offense occurring subsequent to that conviction; *District of Columbia* v. *Horning*, 47 App. D. C. 413, 420; *Leonard* v. *State*, 106 Ark. 453, 153 S. W. 591; *State* v. *Johnson*, 212 N. C. 566, 570, 194 S. E. 319; *Wilson* v. *Cooper*, 249 Ky. 132, 60

S. W. (2d) 359; nor is the situation one of conduct continuing on successive days. See *State* v. *Johnson,* supra; *Louisville & N. R. Co.* v. *Commonwealth,* 171 Ky. 355, 360, 188 S. W. 394. While we have found no case dealing with the offenses involved in this proceeding, the following crimes have been held to be continuous offenses and the principle we have stated has been applied to them: keeping a place for illegal sale of liquor; *Commonwealth* v. *Robinson,* 126 Mass. 259, 261; keeping a house of ill fame; *Freeman* v. *State,* 119 Ind. 501, 21 N. E. 1101; *People* v. *Cox,* supra; *United States* v. *Burch,* 1 Cranch (D. C.) 36; keeping a faro table; *Dixon* v. *Washington,* 4 Cranch (D. C.) 114; operating a train without having separate cars for white and colored passengers. *Louisville & N. R. Co.* v. *Commonwealth,* supra.

As regards the charge that the defendant operated his car while under the influence of liquor, nothing occurred, so far as the record shows, to interrupt the offense from the time he started in New Haven until he stopped his car in Woodbridge. See *State* v. *Lindley,* 14 Ind. 430, 431. There is no possible criterion by which that operation can be divided so that one part of it constituted one offense and another part a separate offense. To paraphrase the reasoning in *In re Snow,* supra, if the offense is divisible, it would be as much so upon the basis of each street over which or of each block in which the car was operated as upon that of each of the two towns. To the first question in the reservation we answer that the conviction in the City Court of the charge of driving while under the influence of liquor is a complete bar to the prosecution of the count in the information in the Court of Common Pleas charging a like offense.

Section 231f of the 1941 Supplement to the General Statutes provides, under a penalty, that "No person

shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions." A violation of the statute would not necessarily be established by the fact alone that the defendant was driving the car while under the influence of liquor; see *Giddings* v. *Honan*, 114 Conn. 473, 475, 159 Atl. 271; nor by the fact that the car was going, as stipulated, "at a high rate of speed." *Vanderkruik* v. *Mitchell*, 118 Conn. 625, 631, 173 Atl. 900. Though these conditions remained constant, the defendant might, in view of the other factors specified in the statute as necessarily to be considered, have been guilty of a violation of it at one particular point in New Haven and might also have violated it at some point in Woodbridge, and nowhere else throughout his course. It may be that, if his conviction in the City Court was based upon factors that remained substantially constant throughout his course, he would not be subject to prosecution in the Court of Common Pleas for a violation of the statute based upon the same factors. See *Holder* v. *Railroad*, 155 Mo. App. 664, 675, 135 S. W. 507. But, upon the facts before us, we are not able to determine that this was the situation. So far as appears, he may have been found guilty in the City Court of a violation of the statute because of conditions as to the width, traffic and use of the highway and a street intersection at some particular place in New Haven, and evidence may be offered in the Court of Common Pleas to support a violation of the statute because of similar conditions at some particular place in Woodbridge. *State* v. *Lindley,* supra. We cannot answer, upon the facts of record, the second question in the reservation, asking whether the conviction in the City Court for "reckless

driving" would present a bar to a conviction in the Court of Common Pleas of a violation of the statute.

Little time need be spent upon the plea as it is addressed to the third count in the information in the Court of Common Pleas. Section 6183 of the General Statutes provides a penalty for any person who shall "obstruct, resist or abuse" an officer. There is no statute which punishes one for "vilifying" an officer. If we accept the contention of the defendant that the reference to § 6183 in the information in the City Court was sufficient to indicate an intent to charge the defendant with "abuse" of an officer by word of mouth, it can hardly be assumed that this was continuous from some point in Woodbridge to some point in New Haven; and nothing in the record indicates that it was. See *State* v. *Lockbaum,* 38 Conn. 400, 404. There might well have been separate isolated instances of "abuse," some in Woodbridge and some in New Haven. But again the facts of record do not permit a categorical answer to the question in the reservation asking whether the plea in bar is good as to the third count in the information in the Court of Common Pleas.

To question (a) in the stipulation for reservation, we answer "Yes." The other questions propounded we do not answer.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.