## Commonwealth v. Miller

*John M. O'Connell,* district attorney, and *Joseph M. Loughran,* assistant district attorney, for Commonwealth.

*Paul J. Abraham,* for defendant.

LAIRD, P. J., September 24, 1948.—On February 7, 1946, seven informations were made by as many different employes of J. Frank Miller against him before an alderman of the City of Greensburg, charging defendant with the violation of the Act of April 24, 1913, P. L. 114, 43 PS §251, et seq., and on May 10, 1946, another information was made before the same alderman by another employe charging a violation of the same act. The pertinent sections of the act referred to are as follows:

"Section 1. Be it enacted, &c., That unless otherwise stipulated in the contract of hiring, each person, firm, or corporation employing any person, other than at an annual salary, shall pay to such person his or her earnings or wages semi-monthly. The first pay-

ment shall be made between the first and fifteenth day of each month, and the second payment shall be made between the fifteenth and the last day of each month.

"Section 2. Any person, firm, or corporation that shall violate any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof before any alderman, magistrate, or justice of the peace of the proper county shall be sentenced to pay a fine not exceeding one hundred dollars ($100).

"Section 3. Nothing in this act shall prohibit the payment of wages or earnings oftener than semi-monthly."

The record shows that defendant offered no defense and as a consequence he was adjudged guilty by the alderman and directed to pay a fine of $100 and costs in each case. In default of which, he was committed to the county jail.

An appeal to the quarter sessions court was allowed in each case, and the matters came before us for hearing. The record showing that the reason defendant made no defense was that he had no money with which to pay the wages due his employes, we being of the opinion that the fine imposed in each case was excessive and that defendant was guilty of only one offense and not of eight separate offenses, and it being conceded that the prosecuting employes were badly in need of money due them as wages and that even if the fines were paid the employes would not and could not benefit thereby, we deemed it advisable to allow the appeals and admit defendant to bail, thus affording him an opportunity to operate his plant or arrange with some other person to operate the plant and pay the wages due.

It is now admitted that all the prosecuting employes have been fully paid and the only question before the

court is the guilt or innocence of defendant, together with the penalty, if any, and the costs.

The act provides that unless otherwise stipulated the employer "shall pay to such person (his employees), his or her earnings or wages semi-monthly" and that "any person . . . that shall violate any of the provisions of this act shall be guilty", etc. It is the failure to pay wages semi-monthly that is made the offense.

In the instant cases the neglect to pay semi-monthly was the offense and if there were only one neglect to pay, as we understand there was, it constituted only one offense and not eight separate offenses. No matter how many employes defendant had, if he had one or eight, there was only one neglect or failure to pay semi-monthly and consequently only one violation of the law.

We do not understand the legislature to have intended that an employer's failure to pay semi-monthly should constitute a private wrong to be righted by each individual employe. We think the employer's failure is an offense against the public or the Commonwealth and not against the individual employe, that the act is an expression of the public policy of the Commonwealth as announced by the legislature and that the failure to pay semi-monthly constituted but one offense, no matter how many employes were affected: Friedborn v. Commonwealth, 113 Pa. 242; Porter v. Dawson Bridge Co., 157 Pa. 367.

We conclude, therefore, that there should have been but one information made against defendant and not eight separate suits, charges or informations, and that the alderman was in error in accepting eight different informations and thus multiplying the costs.

It will be noticed that the Act of April 24, 1913, supra, makes no provision for the payment of costs. In Commonwealth v. Barnhart, 22 Dist. R. 246, President Judge Patton of Armstrong County said:

"The rule laid down in Wadlinger on Costs, Sec. 102, page 236, or in Brightly on Costs, 131, is: 'In most of the modern statutes by which penalties are given, the costs are generally given also, and few modern statutes will be found in which the clause giving the form of proceeding by action of debt or otherwise does not also say "with costs" or "with full costs of suit". However, many municipal ordinances will be found enacted under the various acts of incorporation, inflicting pecuniary penalties to be recovered by any person who shall sue for the same, in which no mention is made of a recovery of costs, and, consequently, in action for such penalties, no costs are recoverable.'

"The last named authority also says, on page 130, that, whether the action be brought by a common informer or a prosecutor qui tam for a penalty, 'he shall in no case whatever recover costs, whether he sue for a certain or uncertain penalty, unless costs are expressly annexed to a recovery by the statute inflicting the penalty'."

To the same effect is Commonwealth v. Cooper, 9 D. & C. 358. See also Commonwealth ex rel. v. McClelland, Warden, 33 D. & C. 341, where the late Judge Dumbauld said, quoting from page 351:

"The act makes no provision for costs. The matter of charging and collecting costs by the minor judiciary is entirely a matter within statutory regulation. The alderman who seeks to collect costs must be able to point to the statute authorizing the charging and collection of the costs in question. That a justice of the peace cannot impose costs upon a defendant, upon his conviction of an offense, for which a fine is provided by statute but which is silent as to costs, has been decided by courts of coördinate jurisdiction with which we agree: . . ."

As defendant admits his inability and failure to pay his employes semi-monthly he is, therefore, guilty of a

violation of the Act above cited but the part of the judgment imposing costs should be reversed.

And now, to wit, September 24, 1948, after hearing, and after due and careful consideration, it is ordered, adjudged and decreed that the appeals filed in these cases be and the same hereby are sustained; that the judgment of the alderman so far as it places costs upon defendant be and the same hereby is reversed and set aside, and defendant be and he is hereby directed to appear before this court for sentence at such time as he shall be called by the district attorney.