STATE OF CONNECTICUT *v.* GLENN W. HARGIS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 10-58157

Argued September 16—decided November 8, 1968

*John A. Cotter,* of Norwich, for the appellant (defendant).

*Michael A. Rakosky,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The first count was nolled, and the defendant entered a plea of not guilty to the second count. After a trial to the court he was found guilty and has appealed, assigning error in the denial of his motion to correct the finding and in the court's conclusion that upon all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt. Upon the last assignment of error we determine from the entire evidence whether the court erred in concluding that guilt was established by the requisite degrees of proof. It is, therefore, unnecessary to consider in detail the claims of error directed to the finding. *State* v. *Pundy,* 147 Conn. 7, 8.

Viewed in this light, the relevant evidence indicates that the defendant together with a fellow worker left his place of employment about midnight and drove to a tavern. While the defendant went into the tavern, his friend, a minor, remained in the car. Upon leaving the tavern, the defendant, it appeared, was unfit to drive and the friend drove the car to his (the friend's) apartment house. He parked the car in a large parking space adjacent to the apartment house, left the car and started toward the building. He observed the defendant get behind the steering wheel and then proceed down a little pitch where the defendant disappeared from view. Shortly thereafter the friend heard a noise and it developed that before reaching the public highway the defendant had struck a utility pole located a foot

or a foot and one-half off the left side of the driveway. Some fifteen minutes later a state trooper arrived and arrested the defendant for intoxication. The defendant at this time was polite but en route to troop E became belligerent. The trooper was of the opinion that the defendant was unfit to operate a motor vehicle. While there were cars parked in the general area, there were no pedestrians around. The trooper made no investigation at the scene of the accident since it occurred on private property. Upon these facts the court concluded that the defendant was guilty as charged. Presumably the state was unable to proceed on the first count since the operation occurred on private property. General Statutes § 14-227a.

"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It 'requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor 'must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.' . . . It is 'more than negligence, more than gross negligence.' . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." *Mooney* v. *Wabrek,* 129 Conn. 302, 308. A momentary careless driving or a failure to exercise due care, even a high degree of negligence, falls short of wilful and serious misconduct. *Ferris* v. *Von Mannagetta,* 124 Conn. 88, 91; see *State* v. *Camera,* 132 Conn. 247, 250; *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 56.

The state contends that the defendant, having knowledge of his condition, made a conscious choice of a course of action by driving his car when he knew or reasonably should have known that such conduct involved a serious danger to others. In short, the state claims that there was evidence from which the court could find that the defendant was in an intoxicated condition, in that condition he operated a car, he struck a stationary object, and he was, therefore, guilty of reckless driving. We are not concerned with whether the trial court could reasonably draw a permissive inference that the defendant's conduct constituted negligence. We are confronted with the question whether the evidence warranted a conviction for reckless driving. There was no evidence as to speed, lighting in the area, width of the driveway or irregular or unusual operation prior to the accident. In short, there was an absence of any circumstances which together show a reckless disregard of consequences, or the endangering of the life of any person other than an occupant of the motor vehicle. General Statutes § 14-222. There was, however, evidence from which the court could reasonably conclude that the defendant was intoxicated at the time of operation. Such a condition, though relevant, would not of itself supply the elements essential to support reckless misconduct. *Giddings* v. *Honan,* 114 Conn. 473, 475; *State* v. *Andrews,* 108 Conn. 209, 215. In *State* v. *Licari,* 132 Conn. 220, 227, the court held in reference to reckless driving that "[a] violation of the statute would not necessarily be established by the fact alone that the defendant was driving the car while under the influence of liquor." "[D]riving while under the influence of intoxicating liquor is not in itself a sufficient basis for a conviction of reckless driving." 7 Am. Jur. 2d 821, Automobiles and Highway Traffic, § 269, citing *State* v. *Licari,* supra.

Without there being some evidence of the causal connection between the defendant's alleged state of mind and the collision from which the court could reasonably draw an inference of reckless misconduct, we are constrained to hold that the state failed to meet the burden of proof required to sustain a conviction and the court erred in concluding guilt had been established beyond a reasonable doubt.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion KINMONTH and MACDONALD, Js., concurred.