J. E. HOLDER, Respondent, v. ST. LOUIS AND SAN FRANCISO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 4, 1911.

1. CARRIERS OF PASSENGERS: Arrest of Passenger: Authority of Conductor. It is the duty of a conductor of a passenger train to exercise high care to insure the peace of passengers on the train, and he is acting within the scope of his authority when he orders a passenger arrested for disorderly conduct.

2. **OFFICERS: Territorial Jurisdiction: Authority to Arrest.** The marshal of a city, acting without a warrant, has no authority to make an arrest in a county in which such city is not situated, other than the authority every private citizen possesses to arrest an offender who commits a breach of the peace in his presence.

3. **FALSE IMPRISONMENT: Justification: Guilt of Party Arrested.** The actual guilt of the offense for which one is arrested is a complete justification for the arrest and subsequent proceedings had in regular course thereunder, even though the arrest be made without warrant or at the instance of a private citizen for an offense committed in his presence.

4. ————:. ————: ————: **Plea of Guilty: Evidence.** A plea of guilty and judgment thereon in regular form, duly entered of record in a court of competent jurisdiction, on a sufficient indictment or information is conclusive evidence that the party thus pleading is guilty of the charge laid against him, and can not be avoided in a collateral proceeding.

5. **JUSTICES' COURTS: Misdemeanor: Jurisdiction: Right of Legislature to Limit.** Under section 37, article 6 of the Constitution, the Legislature may confer jurisdiction upon justices of the peace over misdemeanors coextensive with the county or may limit it to a particular township.

6. **CRIMES AND PUNISHMENTS: Venue.** At common law, crimes were to be prosecuted only in the county in which they were committed.

7. **JUSTICES' COURTS: Misdemeanor: Jurisdiction: Statute Construed.** Under section 4967, Revised Statutes 1909, providing that justices of the peace shall have concurrent original jurisdiction with the circuit court, coextensive with their respective counties, in all cases of misdemeanor: provided, that all prosecutions before justices of the peace for misdemeanors shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed, a justice of the peace is limited in respect to prosecution for misdemeanors to those committed in his township; the words of the proviso, being subsequent in point of time to the general words conferring jurisdiction co-extensive with the county, prevailing over the latter.

8. **CRIMES AND PUNISHMENTS: Continuing Offense: Prosecution in One Jurisdiction Bar to Prosecution in Another: Former Jeopardy.** Though section 4967, Revised Statutes 1909 provides that a prosecution before justices of the peace for misdemeanors shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed, where a passenger on a train created a disturbance and continued

such disturbance while the train was passing through several townships, a conviction of such passenger in one of the townships was a bar to a prosecution in any of the other townships, as the offense must be regarded as a single and continuing one. (REYNOLDS, P. J., dissenting.)

9. ———: ———: ———: ———. Where the offense consists in the same act or course of conduct throughout, constituting a continuous infraction of the law, it is an entire one and one judgment of conviction merges the whole; such judgment relating back to the first act of the offender.

10. FALSE IMPRISONMENT: Justification: Guilt of Person Arrested: Facts Stated. Plaintiff, while a passenger on a railroad train, was arrested, at the instance of the conductor, by an officer, who, because he was acting outside of his territorial jurisdiction without a warrant, acted only as a private citizen, for a disturbance of the peace committed on the train, and was held in custody by such officer while the train passed through three different townships, and at the last township was turned over to another officer, who placed him in jail. Upon information filed with a justice of the peace, plaintiff pleaded guilty to disturbing the peace in the last township. In an action against the railroad company for false arrest and imprisonment, *held*, that the plea of guilty was a complete defense to the action, the plea of guilty and judgment being a sequence of the arrest in the first township, and plaintiff's offense, being a continuing one, extending through several townships, a conviction in either township would bar a further prosecution in the other townships, and hence the plea of guilty and the judgment rendered thereon concluded the whole matter, to the effect the arrest was not wrongful.

Appeal from Pemiscot Circuit Court.—*Hon. H. C. Riley,* Judge.

REVERSED.

.W. F. Evans and Moses Whybark for appellant.

(1) The offense was committed in Godair township and in Little Prairie township, and an information was properly filed in Little Prairie township before Squire Burrus. State v. Anderson, 191 Mo. 134;

R. S. 1909, sec. 4967. (2) The information was filed before Esquire Burrus, justice of the peace of Little Praire township in Pemiscot county, and charged plaintiff with having committed an offense in that township; and this offense was cognizable before Esquire Burrus, who had full jurisdiction of the case, and the plaintiff on being arraigned voluntarily plead guilty in open court, and this is conclusive of the fact of his guilt in that township. 6 Am. and Eng. Ency. of Law (2 Ed.), p. 559, par. d; 2 Words and Phrases, p. 1590; State v. Lamb, 28 Mo. 218; 12 Cyc. 353. (3) And the offense being a continuing offense, only one penalty could lawfully be imposed, and only one penalty was imposed on plaintiff in this case. State v. Railroad, 133 Wis. 478. (Same case with notes, 14 Am. and Eng. Ann. cases, 1061-70.) (4) And this plea of guilty, entered by plaintiff before Esquire Burrus, was a justification and excuse that he, plaintiff, was in truth guilty of the crime for which he was arrested. Pandjiris v. Hartman, 196 Mo. 539; Ahern v. Collins, 39 Mo. 145; Boeger v. Langenburg, 97 Mo. 390.

*J. E. Duncan* and *W. W. Corbett* for respondent.

There was no offense committed in Little Prairie township, hence, under Revised Statutes 1909, sec. 4967, a prosecution could not be legally had before Burrus or any other justice of the peace within and 'for that township. If the laws of the state were broken by respondent, the breach occurred either in New Madrid county or Godair township of Pemiscot county. This conviction, therefore, even conceding it is evidence that respondent disturbed the peace of persons in Little Prairie township, cannot have any bearing on this case and cannot be used as a defense by appellant, as respondent was arrested and lodged in the county jail for an alleged infraction of the peace statute in Godair township, if in Pemiscot county at all.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of an alleged false arrest and imprisonment instigated by defendant. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff was a passenger on defendant's train en route from Oran, Missouri, to Burdette, Arkansas, and during the transit was arrested and taken into custody by one, Roberson, city marshal of Portageville in New Madrid county, at the request of defendant's conductor, while the train was passing through Pemiscot county. After his arrest, plaintiff was conveyed by the marshal on the train to Caruthersville in the same county and there given into the custody of Stubblefield, the marshal of that city, and confined in the jail until the following morning, when he pleaded guilty to the charge of disturbing the peace in Little Prairie township and was discharged after paying a fine and the costs of the case.

For plaintiff, the evidence tends to prove that he became a passenger on defendant's train at Oran, in Scott county, Missouri, paid his fare to Burdette, Arkansas, and, though he properly deported himself in every respect, was arrested, notwithstanding, because of the conduct of another passenger. Plaintiff says he entered the smoking car and upon being seated became engaged in conversation with one, Perry, a stranger, who bantered him to play a game of "craps," which he declined to do. He says that, though he declined to participate in the game, Perry nevertheless took some dice from his pocket and laid one dollar and a quarter in money on the floor of the car and commenced to throw the dice. While Perry was thus engaged, plaintiff says he got down on the floor of the car as well and watched and conversed with Perry, but did not participate in the game. About this time, the conductor came through the car, forbade the proceeding and said it was not allowed on the train. At the same time, some one took up the dollar and a quarter in money and

this enraged Perry, who sought to quarrel with plaintiff, as if he were the offender. Perry was dissuaded from his belief that plaintiff had taken the money and convinced another passenger had, with whom he commenced to quarrel. Upon the train arriving at Portageville, in New Madrid county, the marshal of that place came aboard, together with his family, as passengers en route for Kennett, and the conductor requested him to arrest both plaintiff and Perry. Portageville is near the line dividing New Madrid from Pemiscot county, and immediately after the train passed into Godair township, in Pemiscot county, Roberson, the marshal of Portageville, arrested both plaintiff and Perry on the request of the conductor. The evidence goes to the effect that Roberson caused both plaintiff and Perry to take their places in the vestibule on the platform of the car under cover of his revolver and summoned Killian, another passenger, to assist him in guarding them until the train reached Caruthersville, the county seat of Pemiscot county, about twenty miles away, where both parties were delivered to Stubblefield, the city marshal of that place. After having thus delivered his prisoners to Stubblefield, Roberson went forward on his journey on the train and plaintiff was confined in jail at Caruthersville until the following morning, when he pleaded guilty in the justice of the peace court to disturbing the peace in Little Prairie township, where Caruthersville is situate. A fine of one dollar was assessed against him upon his entering the plea of guilty referred to, which he paid, together with the costs, and was discharged.

Plaintiff concedes he was drinking during the day of his arrest and in fact then had a bottle of whiskey in his pocket but insists he was not intoxicated and says, too, notwithstanding his plea of guilty, he indulged in no disorderly conduct either at the time of, prior to, or after, his arrest; but all this was, of course, incompetent to contradict the judgment of the justice.

For the defendant, the evidence tends to prove that both plaintiff and Perry were intoxicated and quarrelsome. Several disinterested witnesses tell the same story as to what occurred. It is said these parties, who were in a drunken condition, engaged in a game of "craps" on the floor of the smoking car for money, were admonished by the conductor to desist and took offense thereat. About this time, they began to quarrel as to a dollar and a quarter of money which Perry accused plaintiff of unfairly appropriating to himself, and used vile, abusive and insulting language each toward the other. The marshal, Roberson, and others who boarded the train at Portageville say they heard the offensive language as the train pulled up to the station at that place and that it was continued throughout the whole course of the trip until plaintiff and his companion were given into the possession of the marshal at Caruthersville. Roberson says after seating his wife and children in the ladies' coach, he passed into the smoking car, at the instance of the conductor, where plaintiff and his companion were cursing and swearing, to quiet them only. In other words, the testimony of the marshal and other witnesses for defendant goes to the effect that the conductor did not direct plaintiff's arrest, but only suggested their conduct to Roberson as if he should interest himself in quieting the offenders. Roberson and others say on his entering the smoking car both plaintiff and Perry had open knives and were about to engage in a fight and each was cursing and abusing the other, using vile and unseemly epithets, etc. Because of this conduct, and not on the order of the conductor, Roberson arrested both and held them in custody until the train reached Caruthersville, where they were given into the possession of the marshal at that place. It is the testimony of these witnesses, too, that plaintiff and Perry were both highly intoxicated and continued their boisterous, profane, unseemly conduct throughout the trip, from the time of their arrest until Caruthersville

was reached.  It appears the arrest was made in Godair township in Pemiscot county and the train passed through the township of Hayti and into that of Little Prairie while the parties were in custody, in which township plaintiff pleaded guilty the following day in Caruthersville.  All of these townships are in Pemiscot county and they are thus severally mentioned because of our statute, section 4967, Revised Statutes 1909, which provides that prosecutions before justices of the peace for misdemeanor shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed.  In view of this statute, the matter becomes material as to the force and effect which should be accorded by the law to plaintiff's plea of guilty on the charge of disturbing the peace in Little Prairie township and the judgment of the justice thereon.  As Roberson was the marshal of Portageville in New Madrid county, it is entirely clear that he was without authority as an officer in Godair township in Pemiscot county, for he acted without a warrant.  In view of the proof for plaintiff, the case must be treated as though Roberson arrested plaintiff at the instance of defendant's conductor, who was acting within the scope of his authority at the time he ordered the arrest to be made; for it was the conductor's duty to exercise high care, to the end of insuring the peace and quietude of the passengers on the train.  It is obvious, too, the marshal, Roberson, was without authority to make the arrest, other than that with which the law invests every private citizen, to the end of arresting an offender who commits a breach of the peace in his presence.  So, conceding the arrest to have been made at the instance of defendant, by Roberson, as a private citizen, for an offense committed in the presence of both, the important question in the case arises on plaintiff's plea of guilty before the magistrate at Caruthersville in Little Prairie township, for if plaintiff pleaded guilty to the offense for which he was arrested in a court of com-

petent jurisdiction, the judgment manifested by its record concludes the whole matter and operates a complete justification of defendant's act in making or causing the arrest and the subsequent imprisonment thereunder. There can be no doubt that actual guilt of the offense for which one is arrested is a complete justification for the arrest and subsequent proceedings had in regular course thereunder, and this is true though the arrest is made without warrant by or at the instance of a private citizen for an offense in his presence. [Pandjiris v. Hartman, 196 Mo. 539, 94 S. W. 270.] Furthermore, a plea of guilty and judgment thereon in a court of competent jurisdiction in regular form on a sufficient indictment or information and duly entered of record is conclusive evidence of the fact that the party thus pleading is guilty of the charge laid against him, and may not be avoided in a collateral proceeding. Such judicial confessions conclude the whole matter comprehended within the jurisdiction of the court on the charge laid and are equivalent to an actual conviction in due form. [State v. Meyers, 99 Mo. 107, 12 S. W. 516; 6 Am. and Eng. Ency. Law (2 Ed.), 559; 12 Cyc. 353.] It is conceded, and the record discloses as well, the prosecuting attorney filed his information in due form against plaintiff on the morning after his arrest in the court of one, Burrus, a justice of the peace for Pemiscot county, charging the present plaintiff, as defendant, with having disturbed the peace of numerous persons, unknown to the prosecutor, in Little Prairie township on the day before by loud and profane discourse, etc., etc. The docket of the justice in evidence shows plaintiff pleaded guilty to this charge, on which plea the court assessed a fine of one dollar and entered judgment accordingly against him, together with the costs of the proceeding, which was paid. No one can doubt that the plea of guilty and judgment thereon furnishes a complete bar to plaintiff's right of recovery for such damages as are alleged to have accrued to him

by reason of his imprisonment in the Caruthersville jail in Little Prairie township, for by it he confessed himself as an offender against the peace of that township and is thereby estopped from asserting the contrary here. But the question as to whether or not he is concluded by this plea of guilty and judgment thereon as to his conduct in Godair township where the arrest was made is more difficult of solution, in view of our statute conferring jurisdiction on justices of the peace over misdemeanors. The statute, as it formerly stood, conferred original jurisdiction on justices of the peace in misdemeanor cases concurrent with that of the circuit court and coextensive with their respective counties. Under the prior statute, we would not hesitate to say that the plea of guilty and the judgment of the justice thereon conclude the matter as to plaintiff's arrest in Godair township, for the offense should be treated as an entire one and the jurisdiction of the justice equally obtained as to such offenders throughout all of the townships of the county. But the statute has been recently amended, as will appear by reference to the Laws of Missouri, 1907, p. 245, to the effect that prosecutions before justices of the peace for misdemeanor are to be commenced and prosecuted within the township wherein the offense is alleged to have been committed, and this amendment seems to operate a limitation on the justice court over the subject-matter. The statute as amended is as follows:

"Justices of the peace shall have concurrent original jurisdiction with the circuit court, coextensive with their respective counties, in all cases of misdemeanor, except in cities having courts exercising exclusive jurisdiction in criminal cases, or as otherwise provided by law: *Provided,* that all prosecutions before justices of the peace for misdemeanor shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed; *Provided further,* that noth-

ing herein contained shall prevent the defendant from taking a change of venue, as provided for in this article." Sec. 4967, R. S. 1909.

It is to be observed that even as amended the first lines of the statute confer original jurisdiction on a justice of the peace in misdemeanor cases coextensive with their respective counties. But the limitation is thereafter prescribed to the effect that such prosecutions for misdemeanor shall be commenced and had in the township wherein the offense is alleged to have been committed. The Constitution says justices of the peace may be appointed or elected in each county in such number as the public good may require and confers authority on the Legislature to prescribe the powers and duties of such offices. [Sec. 37, art. VI., Constitution of Missouri.] We, therefore, entertain no doubt that the Legislature may confer jurisdiction upon the justice of the peace courts over the subject-matter of misdemeanors coextensive with the county or may limit such to the confines of one township alone. But, conceding such to be true, the Constitution and the statutes contemplate the county as the unit of venue in criminal cases, as a general rule. At common law, crimes were to be prosecuted only in the county in which they were committed. [4 Black's. Com., 303.] In keeping with this principle of the common law, section 22, Bill of Rights, article II., Constitution of Missouri, assures to the citizen the right of public trial by an impartial jury of the body of the county. By the statute above set forth, the justice of the peace is given original concurrent jurisdiction with the circuit court coextensive with the county over the subject-matter of misdemeanors, and it has been determined by the Supreme Court that the right of the prosecuting attorney to file informations for misdemanor is coextensive with the county, but not beyond. In other words, this decision goes to the effect that the county is the unit by which the venue of an offense is to be determined and to which the territorial

jurisdiction of statutory inferior courts of limited powers is curtailed, unless otherwise limited by the statute creating the court or defining its territorial authority. [State v. Anderson, 191 Mo. 134, 90 S. W. 95.] Though such is the general rule, we believe there can be no doubt that the jurisdiction of the justice of the peace of Little Prairie township is limited by the statute quoted in respect of the subject-matter of misdemeanors to those committed and prosecuted in that township, for the words of the amendment, which are subsequent in point of time to the general words conferring jurisdiction coextensive with the county, should prevail. Furthermore, the general words relating to jurisdiction coextensive with the county are not inconsistent with the subsequent limitation when considered in connection with the concluding provision as to change of venue, for no doubt the Legislature intended to confer jurisdiction throughout the county as to prosecutions instituted in the township where the offense was committed and a change of venue was thereafter granted to a justice of some other township of the county.

But, be this as it may, the judgment of such justice should be viewed and treated as a conclusive bar for a prosecution for the same offense committed in another township of the same county, when it appears the same wrongful conduct impinged the jurisdiction of both. By standing on the line or crossing it at the time, one may commit such an offense as a disturbance of the peace by the same acts or conduct in two separate counties which adjoin and lay himself liable to prosecution in either county, but not in both, for the identical offense. In other words, in such circumstances, it appears the judgment of conviction in one county for an identical offense arising out of the same acts should constitute a complete bar to a prosecution for the same offense in the other; so, too, as to these several townships. It was competent to institute the proceeding and prosecute plaintiff in either the township of Godair,

Hayti or Little Prairie, as the justice of the peace of each would be possessed of jurisdiction over the subject-matter of his disturbing conduct in the township of which the justice was an officer. The record of the justice of the peace of Little Prairie township concludes the question completely as to the fact that plaintiff offended in that township before he was lodged in jail and pleaded guilty thereto on the following morning. The fact that plaintiff so offended in Little Prairie township is one *in pais* on which the jurisdiction of the justice depended and is therefore concluded in a collateral proceeding by the judgment of the justice thereon. [Merchant v. Bothwell, 60 Mo. App. 341; Lingo v. Burford, 112 Mo. 149, 20 S. W. 459.] There is naught in the case to suggest that plaintiff committed unlawful acts in Little Prairie township other and distinct from his course of conduct throughout the three townships and the cause of action relied upon is the trespass in making the identical arrest under which the plea of guilty was entered. Indeed, in this court, the case concedes as much and it is argued the judgment of the justice of Little Prairie township is conclusive only as to his conduct therein, for the justice was without jurisdiction over the subject-matter beyond the territorial limits of his township.

The matter should be determined by ascertaining the force and effect of the plea of guilty and the judgment of the justice in Little Prairie township and this must be considered as relating to one course of conduct in the circumstances stated, for the plea of guilty and judgment were upon and as a sequence of the arrest in the first instance in Godair township. It is entirely clear that though plaintiff offended in the three townships mentioned, he was not liable to prosecution in each for the same offense, for such would impinge the rule as to former jeopardy. If one judgment in a competent court of the county concluded the matter so as to afford a bar to other prosecutions in distinct town-

ships, then but one offense was involved as the *res* on which that judgment operated. Plaintiff's conduct, for which he was arrested in Godair township, is not to be dissevered and parceled from that for which he pleaded guilty in Little Prairie township; for the offense was an entire one, the whole of which was merged in the judgment of the justice on the plea of guilty at Caruthersville on the following day. The conduct of plaintiff disturbed the same people in the same coaches of the same train throughout the three townships, if it disturbed the peace of any, and by his plea of guilty, he judicially confesses that it did. Where the offense, as here, consists in the same acts or course of conduct throughout, which constitutes a continuous infraction of the law, it is an entire one, and one judgment of conviction merges the whole. Such judgment relates back to the first act of the offender and concludes it as well as the last. [Friedeborn v. Commonwealth, 113 Pa. 242; Crepps v. Durden, 2 Cowp. (Eng.) 640.] The court should have directed the jury that plaintiff's plea of guilty and its acceptance by the justice giving judgment thereon concluded the whole matter to the effect that his arrest was not wrongful. Because of its refusal to do so, the judgment should be reversed. It is so ordered. *Caulfield, J.,* concurs in *toto; Reynolds, P. J.,* concurs in result only. *Judge Reynolds* concurs in the opinion that plaintiff's plea of guilty and the judgment of the justice thereon is a complete defense to this action but does not agree to so much of the opinion as reflects the view that the plea of guilty and judgment of the justice would operate a bar to other prosecutions for the same offensive conduct in the townships of Godair and Hayti.