*523
 
 Jones, J.
 

 This case involves the continuous and uninterrupted transportation of the same intoxicating liquor from Huron county to the adjoining county of Sandusky. Having been indicted and sentenced for that offense in Sandusky county, the defendants, E. H. Shimman and Ralph Eldridge, were again indicted for the same offense in Huron county. A plea in bar was interposed setting forth those facts, claiming they were being placed twice in jeopardy for the same offense. The plea set forth that the transportation of the liquor was done in one continuous and uninterrupted transaction from Huron county into Sandusky county, Ohio. The trial judge sustained the plea, and held that, while they could be punished in either county, they could not again be prosecuted in the second county and thereby be placed twice in jeopardy for the same offense. In so holding, the learned judge is supported by reason and judicial authority.
 

 The question: Does a continuous and uninterrupted transportation of the same liquor through several counties constitute a separate offense in each county?
 

 Section 10, Article I of the Ohio Oonstitution, declares : “No person shall be twice put in jeopardy for the same offense.” Article V, of the Amendments to the United States Oonstitution, reads: “Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.”
 

 Where the facts are in exact similarity to those in the case at bar, we have high judicial authority sustaining the principle that a continuous transportation through several counties constitutes but a sin
 
 *524
 
 gle offense, and that if a defendant be convicted in one county he cannot again be prosecuted in another without being placed twice in jeopardy for the same offense.
 

 The state of Louisiana is divided into parishes, territorially corresponding to our Ohio counties. In the case of
 
 State
 
 v.
 
 Roberts,
 
 152 La., 283, 93 So., 95, 24 A. L. R., 1122, the defendant was charged with possessing and transporting liquor in the parish of Bossier. He set up a plea in bar alleging that he had previously been tried, convicted, and sentenced in the parish of Red River for the same offense as that charged in the parish of Bossier. It was admitted that he was tried, convicted, and. sentenced in Red River for having and transporting the same liquor for which he was charged in the parish of Bossier. The Supreme Court held that the defendant could not thus, be placed twice in jeopardy, and, in its syllabus, stated the law as follows: ££ The possession and transportation of the same liquor on the same day in two different parishes, defendant having gone from one into the other, constituted but a single offense, and defendant having been convicted therefor in one parish could not be prosecuted in the other. ’ ’
 

 The fact that continuous transportation through several states may be punishable in each state furnishes no persuasive argument that a like transportation through several counties is punishable as a distinct and separate offense in each county. The argument is fallacious and its. conclusion not legally tenable. Continuous transportation over the boundary of several states would be punishable in each state if
 
 *525
 
 the law of each state prohibits it; it is penalized because each state has made the same act unlawful and because each state has denounced the offense as one against its own peace and dignity. When an offense is committed against the law of the federal government, and is also violative of a state law, it has uniformly been held that prosecution and punishment under one sovereignty does not place the defendant in double jeopardy when prosecuted in the other. Such w:as the principle announced in the cited case of
 
 United States
 
 v.
 
 Lanza,
 
 260 U. S., 377, 43 S. Ct., 141, 67 L. Ed., 314. Upon the same principle it is held that, when the same offense violates both a city ordinance and a state law, the act or offense may be prosecuted both by the state and the municipality without putting the defendant twice in jeopardy.
 
 Koch
 
 v.
 
 State,
 
 53 Ohio St., 433, 41 N. E., 689. Territorially considered, although a defendant may be punished successively by the federal government, by a state, or by a municipality, if each has a separate law punishing the same offense,
 
 non sequitur
 
 that either can more than once punish the offender for the same offense when committed within its own territory without placing him twice in jeopardy. Here there is a violation of but one law, and defendants have already been sentenced for violating that law. The offense is one against the state, and not against the county — one of its subdivisions. Discussing this phase of the case, it is held in the
 
 Roberts case, supra:
 
 “The statute denounces the possession and transportation of intoxicating liquor for beverage purposes as a crime or misdemeanor, but the offense is against the state, and not against
 
 *526
 
 the various territorial jurisdictions or subdivisions of the state. * * * The only importance the parish line could have in the matter would be for the determination of the question of venue or jurisdiction.”
 

 While the offender may be punished for transporting in either county through which he transports, he cannot be placed in jeopardy in a second county for the same act of continuous transportation. The crossing of a county line creates no new offense; the line constitutes no part of the offense; nor does it possess a single element characterizing it as such. In the well-reasoned case of
 
 State
 
 v.
 
 Roberts, supra,
 
 it was said: “The gravamen or the essence of the offense against the state was the possession and transportation of the liquor. The line dividing the parishes, from which and into which defendant transported the liquor, formed no essential element of. the offense. * * * In the instant case there was not only substantial identity, but the identity of the possession and the transportation in the two parishes of the same liquor was absolute and conclusive. No more and no different evidence was required to support the charge in Bossier than was necessary to make out the case in Red River.”
 

 The county is> recognized as a unit for the maintenance of law and order; but it is a unit for venue and for the purpose of jurisdiction; it is a unit not only for the prosecution of liquor offenses, but for all offenses against our state laws. If a separate offense is committed when an offender crosses the county line, then we have many misdemeanors in this state which this decision would affect. We have in
 
 *527
 
 Ohio many laws penalizing single continuous offenses of this character; making misdemeanors of offenses committed under the motor act, by owners and employees traversing our highways and crossing county lines; penalizing public chauffeurs using these highways for failing to comply with state laws; making a felon of one who drives or operates a motor vehicle without the consent of the owner. "We have for example laws penalizing assaults, fighting, hunting game in the closed season, hunting on Sunday. If a county line be crossed in a single continuous assault, where the first blow is delivered upon one side and a second delivered on the other side of the boundary line, or, if in his uninterrupted process of hunting, a hunter should cross a county line, a single, not separate, offense has been committed; and the testimony offered on a second prosecution of such offenses would be admissible on the first prosecution. No court has ever held, nor, by the utmost stretch of judicial reasoning, could a court convert these “continuous and uninterrupted” acts into separate offenses against the state, whereby the offender could be subjected to successive prosecutions for the /violation of but one law.
 

 “No person shall be twice put in jeopardy for the same offense.” Article I, Section 10, Ohio Constitution.
 

 Had these defendants carried on their continuous and uninterrupted transportation to the state line at Cincinnati, under the doctrine urged by the state, the defendants by the simple act of passing through the various successive counties could be prosecuted and convicted in each of the eight counties along
 
 *528
 
 their route, thereby subjecting them to half a dozen additional fines of $1,000 for each time they crossed a county boundary line.
 

 Another case not cited by counsel on either side, but which is exactly in point, sustains the principle announced by the Supreme Court of Louisiana, viz.,
 
 Holder
 
 v.
 
 St. Louis & S. F. Rd. Co.,
 
 155 Mo. App., 664, 135 S. W., 507, 508. The state of Missouri conferred upon its justices of the peace original jurisdiction in statutory misdemeanors in townships wherein the offense was committed. A disturbance constituting a serious breach of the peace occurred on a passenger train, and continued while the train passed through several townships. A conviction was had in one of the townships. The Missouri Appellate Court in its syllabus held: “Where a passenger on a train created a disturbance * * * while the train was passing through several townships, a conviction of such passenger in one of the townships was a bar to a prosecution in any of the other townships, as the offense must be regarded as a single and continuing one.”
 

 Pursuing a course of reasoning relative to county line boundaries, in the course of his opinion the appellate judge said: “By standing on the line or crossing it at the time, one may commit such an offense as a disturbance of the peace by the same acts or conduct in two separate counties which adjoin, and lay himself liable to prosecution in either county, but not in both, for the identical offense. * * * It is entirely clear that, though plaintiff offended in the three townships mentioned, he was not liable to
 
 *529
 
 prosecution in each for the same offense, for such would impinge the rule as to former jeopardy.”
 

 Section 6212-17, General Code, penalizes the transportation of intoxicating liquors by imposing a maximum fine of $1,000 for the first offense and $2,000 for the second offense; “and for a third and each subsequent offense” a defendant is liable to a fine of not less than $500 or more than $2,000, and to be imprisoned in the state penitentiary not less than one or more than five years.
 

 Fostoria, an Ohio city of more than 10,000 inhabitants, is comprised within the territorial limits of three counties. Under the claim of the prosecution Eichard Eoe, with a flask in his hip pocket, engaged in selling his legitimate wares about that city, would be liable to indictment and conviction each time he inadvertently crossed or recrossed the three county lines. And, if each crossing constituted a separate and punishable offense, by continuously carrying the flask over each of the county lines in Fostoria, under the remarkable doctrine now advanced by the prosecution he could be sentenced to heavy penalties for each crossing. Or should the same Eichard Eoe, resting at noontime, conclude to ride upon a “Merry-go-round,” located in Fostoria at the junction of the three counties, his conviction of the continuous and uninterrupted carriage of that flask would convert him into a criminal threefold with each revolution of that whirling carrousel. Ludicrous? Absurd? Yes; but no more so than the logic of the prosecution.
 

 It is a well-known principle of law that an offense may not be split for the purpose of prosecution.
 
 Apropos
 
 this feature of the case, the learned judge
 
 *530
 
 of the Louisiana Supreme Court (152 La., 283, 93 So., 95, 97, 24 A. L. R., 1122) said: “It wfculd indeed create an anomaly in jurisprudence to hold that the mere act of crossing the parish line with the continuous and uninterrupted possession of the fruits of the crime constituted two separate and distinct offenses against the state, one punishable in Red River [parish] and the other in Bossier [parish]. Under the theory of the prosecution, if the defendant had left the city of New Orleans with his ‘gin and wine’ and traveled overland with Shreveport as his ultimate destination, he could have been prosecuted in each and every one of the parishes through which he had occasion to pass. In other words, the prosecutor could spin out the one single crime into a series of' prosecutions commensurate in number with the parishes through which the offender passed. We have not found any authority to support such a strange doctrine.”
 

 No authority has been cited by the state, and, as applied to the facts here conceded, we are confident none can be found, sustaining the doctrine which the state now advances for the first time in our history. While this is a liquor case, the same rule would apply to every offense against our laws. Its adoption does violence to every principle of our jurisprudence; the county is but a unit for venue and the law of but one sovereignty has been violated; moreover its adoption deprives our citizens- of their constitutional safeguard against being twice put in jeopardy for the same offense. The learned trial judge properly decided the case, and the exceptions to his ruling will be overruled.
 

 Exceptions overruled.
 

 
 *531
 
 Robinson, Matthias and Allen, JJ., concur.
 

 Marshall, C. J., Kinkade and Day, JJ., dissent from the conclusion reached in the majority opinion.