BOYLE *v.* STATE OF INDIANA.

[No. 29,782. Filed December 9, 1960. Rehearing denied April 19, 1961.]

*Paul P. Boyle, Norval K. Harris,* both of Sullivan, *Roy A. Pope* and *B. Howard Caughran,* each of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General, *Paul B. Wever, Jr.,* Deputy Attorney General, for appellee.

BOBBITT, C. J.—Landis, J., has heretofore disqualified himself in this case.

Bobbitt, C. J., and Jackson, J., are of the opinion that the judgment of the trial court should be reversed and the appellant granted a new trial, while Arterburn and Achor, JJ., are of the opinion that the judgment of the trial court should be affirmed.

The four judges participating being equally divided at the last term of court and being still equally divided at this term, the judgment of the trial court is affirmed, without costs. Acts 1881 (Spec. Sess.), ch. 38, §654, p. 240, being §2-3232, Burns' 1946 Replacement. *State ex rel. Thomas* v. *Williams* (1958), 238 Ind. 407, 151 N. E. 2d 499.

Separate opinions covering material points in the case arising from the record follow.

## SEPARATE OPINION

BOBBITT, C. J.—Appellant was charged by affidavit with having driven and operated an automobile upon United States Highway No. 41 in Sullivan County, Indiana, on December 21, 1956, "while under the influence of intoxicating liquor," under Acts 1939, ch. 48, §52, p. 289, being §47-2001, Burns' 1952 Replacement, tried by jury, found guilty as charged and fined in the sum of $100.

We are confronted at the outset with appellant's assignment of error No. 1, "The court erred in finding against the defendant [appellant herein] on his plea in bar by reason of former jeopardy."

Such plea in bar, omitting formal parts, is as follows:

"Comes now, Paul P. Boyle, Defendant and moves the Court that the defendant be found not guilty for the reason that on April 29, 1957, said defendant was tried in the City Court of Terre Haute, Indiana before Hon. John Hoke Beasley, special judge, on the identical charge herein and was found not guilty, the only difference in the affidavits being that in this affidavit, defendant is charged with operating a motor vehicle in Sullivan County, Indiana while in the case tried in the City Court of Terre Haute, Indiana in Vigo County, Indiana, he was charged with operating a motor vehicle in Vigo County, Indiana; that the offense of driving a motor vehicle while under the influence of intoxicating liquor is an indivisible offense; that a citizen of this state cannot be tried in more than one county for the identical offense with which he has been charged and acquitted in another county."

Appellant was charged by one affidavit, in the Terre Haute City Court (Vigo County), with driving under

the influence of intoxicating liquor[1] on December 21, 1956; and by another affidavit in two counts, one charging him with leaving the scene of a personal injury accident,[2] and the other with leaving the scene of a property damage accident.[3] These affidavits were prepared by the deputy prosecuting attorney of Vigo County, signed by a sergeant of the Indiana State Police, and filed in Vigo County on December 22, 1956.

Appellant was tried in the City Court of Terre Haute, Vigo County, Indiana, beginning on April 24, 1957, on all three charges. He was found not guilty of driving under the influence of intoxicating liquor, and leaving the scene of a personal injury, and found guilty of leaving the scene of the accident wherein property damage was done.

The affidavit charging appellant with driving under the influence of intoxicating liquor on December 21, 1956, in Sullivan County, and which is the basis of this appeal, was signed by a State police officer on April 26, 1957, and subsequently filed in the Sullivan Circuit Court.

The record of the hearing on the plea in bar discloses the following evidence which was adduced at the trial in Terre Haute.

At about 7:45 p.m. on December 21, 1956, Ned Woodward, a State police officer, received a radio call from the State Police Post at Terre Haute, Indiana, to be on the lookout for a two-tone brown sedan, an Oldsmobile or Buick, which was involved in a hit-and-run accident on United States Highway No. 41 just south of Terre

1. Acts 1939, ch. 48, §52, p. 289, being §47-2001(b), Burns' 1952 Replacement.
2. Acts 1939, ch. 48, §39, p. 289, being §47-1910, Burns' 1952 Replacement.
3. Acts 1939, ch. 48, §40, p. 289, being §47-1911, Burns' 1952 Replacement.

Haute, Indiana, and a "little later" the car was identified by radio as being a "brown 1956 Buick dragging a piece of chrome."

A road block was set up on United States Highway No. 41 at the "north edge of Sullivan." About 15 or 20 minutes later appellant drove into Sullivan on United States Highway No. 41 in a blue and pink Buick with a "piece of metal hanging from the right rear fender." He was first stopped by a city policeman, Gerald Skinner, who had received a radio call from the Sullivan County sheriff's office to intercept the car described in the State police radio message received by officer Woodward. Officer Skinner placed appellant under arrest for leaving the scene of an accident and about "a minute later" appellant was again arrested by officer Woodward for leaving the scene of an accident.

Officer Woodward testified, as a witness for defendant-appellant, that appellant told him at the time of his arrest in Sullivan that he had "driven from Terre Haute by himself."

Officer Skinner, as a witness for defendant-appellant, also testified that when arrested appellant said, "What have I done?" and he (Skinner) replied, "Leaving the scene of an accident, hitting a State Trooper who was supposed to have been a State Trooper up at Terre Haute." This witness further testified that he was certain when he arrested appellant that he had the car for which the pick-up order was issued by the State Police Post in Terre Haute, and that he arrested appellant on information received over the police radio. Officer Skinner also testified that appellant was driving "alone in the middle of U. S. 41" and was "under the influence of intoxicating liquor, and was intoxicated" when he got out of his car at the time of his arrest in Sullivan.

Burel Huff, a police officer of the City of Sullivan, who was with officer Skinner at the time of appellant's arrest in Sullivan, testified substantially as did officer Skinner.

Harold Roseberry testified that appellant was under the influence of intoxicating liquor when he saw him in front of his home in Sullivan at approximately 8:30 p.m. on December 21, 1956, and later at the sheriff's office in the Sullivan County jail, and further that he saw appellant when he was taken back to Vigo County, and that he was under the influence of intoxicating liquor then.

Witnesses Skinner, Woodward and Huff all testified at the hearing on the plea in bar that the testimony which they would give, if called to testify in appellant's trial at Sullivan where he was about to be tried on the affidavit filed against him in Sullivan County on April 27, 1957, would be the same as that which they gave at appellant's trial in the City Court in Terre Haute where he was tried on April 24th and 25th, 1957, and found not guilty of operating while under the influence on December 21, 1956. However, Skinner and Woodward testified, when recalled to testify as witnesses for the State at the hearing on the plea in bar, that they would have *additional evidence* to present in the trial in Sullivan which they were not allowed to present in the trial at Terre Haute.

Robert Brown, a deputy prosecuting attorney of Vigo County, testified at the hearing on the plea in bar as a witness for defendant-appellant, in part, as follows:

"Q. On December 22nd, 1956, I'll ask you to tell the Court if there was an affidavit filed in the City Court of Terre Haute, Vigo County, Indiana, against Paul Boyle charging him with the offense of driving upon the public highways of Vigo County, Indiana, while the said

Paul Boyle was under the influence of intoxicating liquor?

"A. It was filed on that day.

"Q. Did you assist in the preparation of that affidavit and the filing thereof?

"A. I drew it up myself.

"Q. And you may tell the Court whether or not that affidavit was based on information furnished you by the State Police of Indiana?

"A. Yes, it was.

"Q. And to the effect that Mr. Boyle had been guilty of operating his automobile, a Buick automobile upon the public highways of Vigo County, to-wit: Indiana Highway 41, south of Terre Haute?

"A. Yes, that was what the affidavit charged. I don't recall the exact words—that in effect was it.

"Q. You may tell the Court whether the information given you by the State Police was in substance that he had been arrested in Sullivan County on December 21, 1956, about 8:00 or 8:30 o'clock?

"A. Yes sir, that was the information.

.   .   .   .   .

"Q. Tell the Court the information in substance you had upon which you based this affidavit?

"A. I remember Sergeant Vincent Vance was one of the State Troopers there. There were two or three others at the time, and the story that I got from the officers was that Mr. Boyle's automobile had been involved in an accident, as I recall a few yards south of the intersection of U. S. 41 and South Seventh Street, south of the City of Terre Haute, and that shortly thereafter—I don't recall now whether a half hour, or an hour, it was not over an hour that Mr. Boyle had been arrested by officer Woodward, of the State Police Department, and either a Sullivan Policeman, or a Sullivan Deputy Sheriff, and that he was intoxicated at the time of his arrest in Sullivan.

"Q. I'll ask you if they also gave you information that Mr. Boyle had told them that he drove alone from Terre Haute to Sullivan, if you remember?

. . . . .

"A. As to whether or not they told me that Mr. Boyle had made the statement that he had driven alone from Terre Haute to Sullivan, I don't recall; but I do know that one of the officers mentioned that Mr. Boyle had told the police that he had been driving the car from Terre Haute.

"Q. Was Mr. Boyle tried on this charge of driving and operating a motor vehicle in Vigo County while intoxicated, on April 25th and 26, 1957?

"A. I don't recall the precise dates.

"Q. But it was approximately that time, was it?

"A. Yes sir, he was.

"Q. Tell the Court whether or not he was acquitted of driving an automobile while intoxicated?

"A. He was found not guilty by the Special Judge of the City of Terre Haute."

This witness further testified, on cross-examination in part, as follows:

"Q. Mr. Brown, there was discussion between you and Mr. Vance and these State Officers about whether to file this charge against him in Sullivan or Vigo County, was there not?

"A. Yes sir, we talked about that.

"Q. And it was on the suggestion of the State Officers that the charge was filed in Vigo County, is that true?

. . . . .

"A. Either at their suggestion, it was filed there, or at their suggestion, it was kept there in Vigo County."

John H. Beasley, the Special Judge who tried the case in Terre Haute, testified as a witness for the State

that the affidavits filed against appellant in the Terre Haute City Court were "disposed of all in the same trial" and, further, on direct examination, as follows:

"A. To the best of my recollection, I think I am clear on that, the State did not offer any direct evidence of any eye witness who testified that he saw Mr. Boyle operating an automobile under the influence of intoxicating liquor in Vigo County on the date in question. However, the State did offer in evidence as to his condition while driving an automobile in Sullivan County, a short time after the accident in Vigo County, which the State obviously considered as tending to prove the operation of an automobile under the influence of intoxicating liquor in Vigo County.

"Q. And the testimony admitted in evidence concerning the defendant driving under the influence of intoxicating liquor on December 21, 1956 in Sullivan County, was that evidence admitted by the Court?

"A. I don't recall whether all evidence offered along that line was admitted. There was evidence along that line which was admitted, received in evidence.

"Q. And at the time this evidence was admitted, he was on trial for driving under the influence of intoxicating liquor in Vigo County, Indiana?

"A. That is correct."

In reply to questions by the court, Special Judge Beasley testified as follows:

"Q. Mr. Beasley, you say in the trial of this cause in your Court at Terre Haute, that you did permit evidence of his driving under the influence of intoxicating liquor in Sullivan County?

"A. Yes sir.

"Q. Did I understand you then, or did you say that the purpose of admitting evidence while

driving in Sullivan County, was to determine as to his condition while driving in Vigo County?

"A. That is the theory upon which I admitted the evidence. I am not sure at this time whether there was any objection to the questions or not, but whether or not there were objections, I did admit it on the theory that it might tend to throw some light on his condition at the time he was charged with operating a motor vehicle while under the influence of intoxicating liquor in Vigo County, and after considering all the evidence, it was my conclusion as to his condition in Sullivan County, at the time he was observed there was not sufficient evidence to establish beyond a reasonable doubt the fact that he was guilty of operating an automobile approximately an hour previously in Vigo County while under the influence.

"Q. You also determined that that Court had jurisdiction over the cause that was tried there?

"A. Yes, that question was presented. There was a previous question, but I ruled I had jurisdiction."

Article 1, §14, of the Constitution of Indiana provides:

"No person shall be put in jeopardy twice for the same offense."

Was the offense for which appellant was tried and convicted in Sullivan Circuit Court the same as the one for which he was tried and found not guilty in the City Court in Vigo County?

The rule which the courts of this State have followed and by which we are governed here is the " 'identity of offense' test, which is that the second charge must be for the same identical act and crime as that charged by the first affidavit or indictment upon which defendant

had been placed in jeopardy. . . . [O]r stated another way: 'Would the same evidence be necessary to secure a conviction in the pending, as in the former prosecution.' . . ." *Durke* v. *State* (1933), 204 Ind. 370, 378, 183 N. E. 97.

The city court of Terre Haute had jurisdiction of the subject-matter of the affidavits on which appellant was there charged. Acts 1959, ch. 344, §1, p. 925, being §4-2402, Burns' 1960 Cum. Supp. Having been tried and acquitted there on the drunken operating charge, appellant cannot again be put in jeopardy for that offense. 8 I. L. E., Criminal Law, §71, p. 164, and cases there cited.

Applying the above tests to the facts in the present case, I am led to but one conclusion, and that is that the second affidavit which was filed in Sullivan County was for the "same identical act and crime" as that charged in the affidavit on which appellant herein was tried and found not guilty in Vigo County, i.e., driving a motor vehicle from Terre Haute to Sullivan, Indiana, on United States Highway No. 41 while under the influence of intoxicating liquor. The evidence presented at the hearing on the plea in bar shows conclusively that appellant herein was arrested by a State police officer in Sullivan, Indiana, in response to a radio call from the State Police Post in Terre Haute, for the offense of leaving the scene of an accident—which occurred while he was driving from Terre Haute, Indiana, to Sullivan, Indiana; that Officer Woodward arrested appellant on information received by such radio call and returned him to the State Police Post at Terre Haute; that the Vigo County deputy prosecuting attorney, who drew the affidavit charging appellant with operating his automobile south of Terre Haute upon United States Highway No. 41, in Vigo County while

under the influence of intoxicating liquor, and the prosecuting attorney discussed with the State police officers at Terre Haute, whether the charges against appellant —leaving the scene of a personal injury accident, leaving the scene of a property damage accident, and driving under the influence—should be filed in Vigo or Sullivan County, and that appellant was charged and tried in Vigo County at the suggestion of the police officers.

The offense with which appellant herein is charged is —driving "a vehicle while . . . under the influence of intoxicating liquor." This is an offense against the State of Indiana and not against any subdivision thereof.

> "The county is but a unit for venue and the law of but one sovereignty has been violated." *State v. Shimman* (1930), 122 Ohio St. 522, 172 N. E. 367, 73 A. L. R. 1502; *State v. Carrier* (1956), 235 Ind. 456, 134 N. E. 2d 688, 59 A. L. R. 2d 896; *Holder v. St. Louis & S. F. R. Co.* (1911), 155 Mo. App. 664, 135 S. W. 507.

Appellant herein was guilty of only one act of driving while under the influence, and that was the continuous drive from Terre Haute to his home in Sullivan, during which he was involved in an accident. It conclusively appears from these circumstances that the same evidence would be necessary to secure a conviction in the present case as that which was submitted in the former prosecution in the City Court in Terre Haute in Vigo County, Indiana.

Appellant herein was charged in the Terre Haute City Court with three separate and distinct offenses growing out of the same act or circumstances, i.e., (1) driving an automobile while under the influence of intoxicating liquor; (2) leaving the scene of an accident

of a personal injury; and (3) leaving the scene of a property damage accident.

He was tried on all these charges and found not guilty of driving while under the influence and not guilty of leaving the scene of an accident of personal injury, but was found guilty of leaving the scene of an accident involving property damage.

The State cannot separate the offense with which appellant is charged and if it fails of conviction in one venue, it cannot try appellant for the same offense in another. *Jackson* v. *The State and Laupher* v. *The State* (1860), 14 Ind. 327, 328.

This is clearly a case where a public offense has been committed partly in one county and partly in another, hence the jurisdiction is in either of such counties, and there could be a prosecution and trial only in the county first acquiring jurisdiction. Acts 1905, ch. 169, §8, p. 584, being §9-207, Burns' 1956 Replacement; *State* v. *Shimman, supra* (1930), 122 Ohio St. 522, 172 N. E. 367, 73 A. L. R. 1502; *State* v. *Sawyer* (1952), 220 La. 932, 942, 57 So. 2d 899; *Brown* v. *State* (1941), 219 Ind. 251, 257, 37 N. E. 2d 73, 137 A. L. R. 679.

It must be kept in mind that appellant here was charged and tried in Vigo County for driving an automobile "while . . . under the influence of intoxicating liquor." The question of his intoxication, as well as the charge of leaving the scene of an accident of a personal injury, was adjudicated by his acquittal in the Terre Haute City Court.

It was not necessary that appellant be convicted in Vigo County in order to establish a continuing offense.[4]

---

4. A continuing crime has been defined as a continuous unlawful act. "A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy." *Armour Packing Co.* v. *United States* (1907), 8 Cir., 153 Fed. 1, 5-6; 14 L. R. A. (N. S.) 400.

There is evidence in the record that appellant drove directly from Terre Haute to Sullivan and that he consumed no additional liquor after leaving Terre Haute.

The fact that two witnesses testified at the hearing on the plea in bar that they would have additional evidence to present at the trial in Sullivan does not affect the element of double jeopardy here. Appellant's claim of double jeopardy cannot be defeated by the failure of the Vigo Prosecuting Attorney to present all of his available evidence in the trial in Terre Haute. Cf.: 8 I. L. E., Criminal Law, §71, p. 164; 15 Am. Jur., Criminal Law, §381, p. 57; *Commonwealth* v. *Robinson* (1879), 126 Mass. 259, 263, 30 Am. Rep. 674.

When appellant was charged and tried in Vigo County for the offense of operating a motor vehicle while under the influence of intoxicating liquor on United States Highway No. 41 on December 21, 1956, he was there placed in jeopardy for such offense, and merely because the State may have chosen the wrong venue and failed to obtain a conviction in one county (Vigo) it cannot again put him in jeopardy for the same offense by filing a second affidavit against him in the other county (Sullivan) and bring him to trial thereon. To do so would be in direct violation of Article 1, §14, of the Constitution of Indiana.

For the reasons above stated the trial court erred in overruling appellant's plea in bar and the judgment herein should be reversed.

Jackson, J., concurs.

## SEPARATE OPINION

ACHOR, J.—Appellant has filed a petition for rehearing in which he cites certain inaccuracies in the recital of facts stated in my previous opinion. Accordingly the

opinion is withdrawn and the following opinion is now submitted.

In this case the appellant was charged and convicted in Sullivan County with operating a motor vehicle on a public highway in that county while under the influence of intoxicating liquor. [Acts 1939, ch. 48, §52, p. 289 (being §47-2001(b), Burns' 1952 Repl.)]. To this charge appellant filed a plea of double jeopardy. Appellant bases his appeal on an adverse ruling to this plea.

As grounds for his plea, appellant asserts that he had previously been tried and found not guilty of the same offense in Vigo County. Specifically appellant asserts that the offense with which he is now charged was a *single and continuing offense,* based upon the same evidence, for which he had previously been placed in jeopardy.

I concur with other members of the court upon the proposition that under our statute as presently written the continuous operation of a motor vehicle in two or more counties while under the influence of intoxicating liquor constitutes a single offense, subject to the rule of double jeopardy, and that the venue of the action may be placed in any county in which the alleged unlawful act occurs.

However, in my opinion, the acceptance of the above proposition of law does not, under the facts here presented, require a reversal of the ruling of the trial court.

The question which this court must determine is whether, under the facts before us, the offense of operating a motor vehicle in Sullivan county, with which appellant is presently charged, was a continuation of the same offense with which he was charged, tried and found not guilty in Vigo County. In determining this question, it must be recognized that the mere continuous operation of the automobile in both Vigo and Sulli-

van counties did not constitute a criminal offense. The offense was made a crime against the state because of the *intoxication of the driver at the time and place or places of such operation.*

As heretofore stated, in the prior action appellant was charged with operating a motor vehicle while under the influence of intoxicating liquor in Vigo county. In that case (as in this) there was evidence that appellant had drunk a small amount of liquor at his office in Terre Haute before driving to his home in Sullivan and there was evidence that he was intoxicated upon reaching Sullivan approximately one hour thereafter. However, there was no evidence that appellant was under the influence of intoxicating liquor while in Vigo county to such a degree that it would in anywise affect the operation of his motor vehicle. Consequently, there was no evidence in support of either the theory or the fact of a continuous unlawful operation of the automobile in both Vigo and Sullivan counties, as is here contended by appellant.

The rule which the courts of this state have followed and by which we are governed here was stated in *Durke* v. *State* (1932), 204 Ind. 370, 378, 183 N. E. 97, as follows:

> " '. . . "identity of offense" test, which is that the second charge must be for the same identical act and crime as that charged by the first affidavit or indictment upon which defendant had been placed in jeopardy . . . or stated another way: "Would the same evidence be necessary to secure a conviction in the pending, as in the former prosecution," . . .' "

In further explanation of the test this court, in the case of *State* v. *Reed* (1907), 168 Ind. 588, 590-591, 81 N. E. 571, stated:

"When the facts necessary to convict upon a second prosecution would not necessarily have convicted upon the first prosecution, then the first, . . . will not be a bar to a second prosecution. (Cases cited.) In 1 Bishop, Crim. Law (8th ed.), §§ 1052, 1053, it is said on this subject: '§1052 . . . The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be. And—§1053. (1) The case of variance is merely illustrative. In other cases also, this test is equally applicable and nearly universal. Thus—(2) Wrong County. If the acquittal is by reason of the indictment's being brought in the wrong county, it will not bar fresh proceedings in the right one. . . .'"

Here the facts set out in the second charge could not have resulted in the conviction in the first. Furthermore, it appears that the acquittal in Vigo county was by reason of the action being brought in the wrong county. Under such circumstances trial and acquittal in the wrong county "will not bar fresh proceedings in the right one." *State* v. *Reed, supra.*

In support of this conclusion, there is testimony of an expert witness in the present case to the effect that basically it takes 30 to 90 minutes for the body to absorb a sufficient amount of alcohol to produce intoxication. This evidence substantiates the fact that the appellant was not intoxicated while operating his automobile in Vigo county as charged in the prior case, but that by the normal process of the absorption of alcohol in his body appellant became intoxicated after he had entered into Sullivan county where he was arrested. Under such circumstances it cannot be said that appellant's operation of his automobile in Vigo and Sullivan counties was a continuous unlawful act or that he was twice tried for the same offense.

Where, as in this case, double jeopardy is the error relied upon for reversal of the decision of the trial court, the defendant had the duty of going forward with proof to sustain his defense. *Ford* v. *State* (1951), 229 Ind. 516, 98 N. E. 2d 655. Cert. denied 342 U. S. 873, 72 S. Ct. 116, 96 L. Ed. 656. Yet appellant presented no evidence to contradict the presumption raised by the above evidence.

Where, as in this case, the determination thereof rests upon the evidence before the court and the decision of the court is adverse to the party charged with the duty of going forward with the evidence, this court on appeal will reverse the trial court only in event the evidence requires a conclusion contrary to that reached by the trial court. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905. The facts presented to us do not require such a contrary conclusion. Therefore, it is the duty of this court to sustain the decision of the trial court presented to us for review.

## SEPARATE OPINION

ARTERBURN, J.—Appellant was tried and found not guilty of operating a motor vehicle on a public highway in Vigo County while under the influence of intoxicating liquor. He was also arrested on a like charge in Sullivan County on the same day shortly after the accident in Vigo County which was the instigating incident which caused his arrest in that county. After the acquittal in Vigo County the appellant was tried in Sullivan County and entered a plea of double jeopardy, contending that the offense with which he was charged in Sullivan County was a single and continuing offense based upon the same evidence which occurred in Vigo County. The court, upon the hearing of this plea, found

against appellant. The appellant was tried and convicted in Sullivan County. From this judgment in Sullivan County he appeals.

A trial and acquittal of a crime in one county of the state is normally not a bar to a prosecution in another county for a like offense when the proper venue is proved. There could be a number of reasons for the acquittal of appellant in Vigo County in this case. One of those reasons might have been a failure to prove that he was intoxicated *in Vigo County,* yet the evidence could show that by the time he reached Sullivan County he had become intoxicated. The fact that appellant was not intoxicated to a degree necessary for a conviction in Vigo County does not preclude the fact that he could consume more alcohol by the time he reached Sullivan County. In other words, the evidence may show that the venue has been laid in the wrong county and as a result the appellant has been charged in the wrong county. An acquittal in such a case should not bar a prosecution in an adjoining or other county.

In *State* v. *Reed* (1907), 168 Ind. 588, 590, 81 N. E. 571 it is said:

> "When the facts necessary to convict upon a second prosecution would not necessarily have convicted upon the first prosecution, then the first, if dismissed, after jeopardy has attached, which, as we have said, is equivalent to an acquittal (*Boswell* v. *State* [1887], 111 Ind. 47, 49), will not be a bar to a second prosecution. (Cases cited.)"

This case quotes from 1 Bishop, Crim. Law (8th ed.), §§1052, 1053, as follows:

> " '§1052. . . . The test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second cannot be maintained; when there could not, it can be. And—§1053. (1)

The case of variance is merely illustrative. In other cases also, this test is equally applicable and nearly universal. Thus—(2) Wrong County. If the acquittal is by reason of the indictment's being brought in the wrong county, it will not bar fresh proceedings in the right one. . . .' "

It is argued that the "identity of offense" is the test here; or stated another way: "would the same evidence be necessary to secure a conviction in the pending, as in the former conviction?" It appears plainly here that the same crime is not charged, since one was alleged to have occurred *in Vigo County* and the other *in Sullivan County*. Further, the evidence as to the intoxicated condition of the appellant in the case tried in Vigo County would have to pertain to the acts of appellant *while driving in Vigo County*. Such evidence by itself would not sustain a conviction in Sullivan County. The venue stated in each case being different, would have to be proved as alleged.

The principle of a "continuous offense" has no application here for the simple reason that there is no *previous conviction* of an offense which is continuous. It is a case in which it has been found that *no offense was committed in Vigo County* and therefore there could be no continuation, or "continuous offense" which ran into Sullivan County. There could be no *continuation* of an "offense" into Sullivan County if there was *no offense committed in Vigo County*.

In *Barker* v. *State* (1918), 188 Ind. 263, 274, 120 N. E. 593, it is said:

"... It is equally well settled that where the facts necessary to a conviction upon a second prosecution would not necessarily have convicted upon the first prosecution, then such acquittal would not be a bar to a second prosecution."

In 8 I. L. E., Criminal Law, §74, p. 169, it is said:

". . . However, a person who, during the course of a fight, assaults several persons, may be successively prosecuted for assaulting each of his victims, without being placed in double jeopardy." *Greenwood* v. *The State* (1878), 64 Ind. 250.

We judicially know that a person's condition as to intoxication may vary from time to time, depending upon the amount of alcohol consumed or not consumed. The fact that he is acquitted at one time should not be a bar to a prosecution *at a later time and place* simply because he was driving the same car or on the same trip.

Were the law otherwise, a driver could start out drinking intoxicants as he drove across the State of Indiana, and if he happened to be apprehended and tried for such an offense when not quite "under" and acquitted, then such an acquittal would be a bar to any subsequent prosecution in any other county he passed through, regardless of how much alcohol he consumed in his travel and how flagrant the offense became. The record shows that witnesses Skinner and Woodward testified when called as witnesses for the State on the plea in bar that they would have *additional evidence* to present in the trial in Sullivan which they were not allowed to present in the trial at Terre Haute. The fact is, all the evidence of acts that took place in Sullivan County subsequent to the time of the events in Vigo County would have very little relationship to the appellant's condition in Vigo County at a point of twelve miles or so from where appellant was involved in an accident.

The special judge who tried the case in Vigo County stated in the hearing on the plea in bar that:

"The State did not introduce evidence of an eye witness that Boyle was driving while intoxicated in Vigo County, but did offer evidence as to his condition while driving an automobile in Sullivan County. . . ."

    .    .    .    .    .

"I admitted this evidence into record on the theory that it might tend to throw some light on his condition at the time he was charged with operating a motor vehicle while under the influence of intoxicating liquor in Vigo County an hour previously, it was my conclusion there was not sufficient evidence beyond a reasonable doubt that he was guilty of the charge; . . ."

The trial court in Sullivan County hearing the plea in bar in this case had sufficient evidence to determine that the venue of the offense charged was really in Sullivan County and was not proved to be in Vigo County, and for that reason the defendant was acquitted in Vigo County. We have no right on appeal to weigh this evidence. So long as there is evidence to support the finding of the trial court in denying the plea in bar, namely, that the appellant was not tried on the offense that occurred in Sullivan County, we may not reverse.

I feel that the judgment of conviction in this case should be affirmed.

## ON PETITION FOR REHEARING

BOBBITT, C. J.—Chief Justice Bobbitt and Judge Jackson voting to grant the petition for rehearing, and Judge Achor and Judge Arterburn voting to deny rehearing, and Judge Landis not participating, the petition for rehearing is denied because of failure of a majority of judges participating to agree.

Petition for rehearing denied.

NOTE.—Reported in 170 N. E. 2d 802. Rehearing denied 173 N. E. 2d 747.